RECEIVED

JAN 1 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOHN PHILLIP GIVENS | CIVIL ACTION 05-1398 c/w 05-1578 |
| VS. | SECTION P |
| C. HUBERT, WARDEN | JUDGE MELANÇON |
| HUNT CORRECTIONS CENTER | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court are the petitions for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 by *pro se* petitioner John Phillip Givens on August 3, 2005 and June 20, 2005, respectively.[1] The actions have been consolidated for review. [05-1398 rec. doc. 7 and 05-1578 rec. doc. 8]. Givens is incarcerated at the Hunt Corrections Center, in St. Gabriel, Louisiana where he is serving a life sentence imposed following his 2001 conviction for second degree murder entered in the Sixteenth Judicial District Court, for St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance wit the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] Petitioner filed his first petition in the United States District Court for the Eastern District of Louisiana on June 20, 2005. On August 25, 2005, that case was transferred to this court and assigned this court's docket number 6:05-cv-1578. On August 3, 2005 petitioner filed a petition for writ of *habeas corpus* directly in this court. That case was assigned this court's docket number 6:05-cv-1398.

1

# STATEMENT OF THE CASE

On December 20, 2001, petitioner was found guilty of second degree murder following trial by jury in the Sixteenth Judicial District Court. On March 8, 2002 he was sentenced to life imprisonment.

Petitioner appealed his conviction to the First Circuit Court of Appeals where through court-appointed appellate counsel he argued two assignments of error: (1) "The 911 tape, recounting what the victim told the operator, is inadmissible hearsay. The defendant was prejudiced by the trial court's error in admitting this testimony, because it tended to rebut the self-defense theory by providing specific intent to kill to Mr. Givens"; and (2) "The evidence is insufficient to prove the crime of second degree murder and proves self defense, or in the alternative, nothing more than the crime of manslaughter." [05-1398, rec. doc. 1-3, p. 13, Brief on Appeal]. On December 31, 2003, petitioner's conviction was affirmed in an unpublished opinion of the First Circuit. *State of Louisiana v. John Phillip Givens*, 2003-KA-0495 (La. App. 1st Cir. 12/31/2003), 864 So.2d 905 (unpublished). [See also Slip Opinion, 05-1398, rec. doc. 1-3, pp. 22-36].

Petitioner filed a *pro se* application for writs in the Louisiana Supreme Court. The pleading was postmarked on February 5, 2004, and received and filed by the Supreme Court on March 4, 2004.[2] [05-1398, rec. doc. 1-3, p. 37]. On July 2, 2004, the Louisiana

---

[2]Under Louisiana Supreme Court Rule X §5, writ applications seeking review of a judgment of a Louisiana court of appeal must be filed within thirty days of the mailing of the notice of the original judgment. Petitioner's notice of judgment appears to have been mailed on December 31, 2003, the date of the First Circuit's decision. Thus, it appears that petitioner's writ application may have been untimely filed.

2

Supreme Court denied writs. See *State of Louisiana v. John Phillip Givens*, 2004-0550 (La. 7/2/2004), 877 So.2d 142. [See also 05-1378, rec. doc. 1-3, p. 38].

On November 10, 2004, petitioner filed an Application for Post-Conviction Relief in the Sixteenth Judicial District Court claiming ineffective assistance of counsel due to counsel's (1) failure to subpoena certain witnesses to testify at trial on petitioner's behalf; (2) trial counsel's conflict of interest; and, (3) appellate counsel's failure to raise petitioner's competency to proceed to trial. [See 05-1398, rec. doc. 10; 05-1578, rec. doc. 1-1, p. 2]. Thereafter, on February 20, 2005, petitioner filed a Supplemental Brief for Post-Conviction Relief in the Sixteenth Judicial District Court in which he argued "On August 3, 2001 a motion to conduct an independent mental examination was filed on behalf of the State. The record indicates that no further action was taken by the State nor the defense. The issue of competency was not raised for a fair trial." [See 05-1398, rec. doc. 10; 05-1578, rec. doc. 1-1, p. 2-3]. By order dated April 27, 2005, the state court judge granted the State thirty days within which to respond to the supplemental application. [[See 05-1398, rec. doc. 10]. Petitioner admits that his application for post-conviction relief is currently pending review in the Sixteenth Judicial District Court. [See 05-1398, rec. doc. 4].

On June 20, 2005 petitioner filed his *habeas corpus* petition in the United States District Court for the Eastern District of Louisiana. It is not clear what claims petitioner raises therein. In his standardized petition, petitioner refers to his memorandum in

3

support for his first two claims for relief, and also provides facts in support of ineffective assistance of counsel with respect to petitioner's competency to proceed to trial as his third claim for relief. [05-1398, rec. doc. 1-1, p. 4-5]. However, in his memorandum in support, petitioner lists his "Issues-Presented" as including the alleged inadmissibility of the victim's 911 call tape, and sufficiency of the evidence to support his conviction. In addition to those claims, petitioner argues his counsel's ineffectiveness for failing to subpoena witnesses regarding his competency. [05-1578, rec. doc. 1-3, p. 3-10].

In the petition filed directly in this court, petitioner alleges ineffective assistance of counsel because of counsel's failure to subpoena witnesses regarding his competency to proceed to trial, and counsel's conflict of interest. Petitioner also alleges that he was tried without having had his competency determined. [05-1398, rec. doc. 1-1, p. 4-5].

By letter received on June 20, 2005 by the Clerk of the United States District Court for the Eastern District of Louisiana, petitioner requested that his federal petition "be held in abeyance" so that his pending post-conviction application could be determined by the state courts. [05-1398, rec. doc. 4].

## LAW AND ANALYSIS

Title 28 U.S.C. §2254 states in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process;

4

> or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion doctrine set forth in §2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation. " *Rose*, 455 U.S. at 518-519.

AEDPA preserves the total exhaustion requirement[3], but it also imposes a one-year

---

[3] To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998), citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana,

statute of limitations on the filing of federal petitions. See 28 U.S.C. §2244(d)(1). This limitation period "serves the well-recognized interest in the finality of state court judgments..." and "reduces the potential for delay on the road to finality by restricting the time that a prospective federal *habeas* petitioner has in which to seek federal *habeas* review." *Rhines v. Weber*, 544 U.S. --, 125 S.Ct. 1528, 1534 (2005).

The one-year limitation period is tolled during the pendency of a "properly filed" application for state post-conviction review. See 28 U.S.C. § 2244(d)(2). The tolling provision in §2244(d)(2) "'balances the interests served by the exhaustion requirement and the limitation period,' 'by protecting a state prisoner's ability later to apply for federal *habeas* relief while state remedies are being pursued.'" *Rhines*, 125 S.Ct. at 1534 quoting *Duncan*, 533 U.S. at 179. "AEDPA thus encourages petitioner's to seek relief from state courts in the first instance by tolling the one-year limitations period while a 'properly filed application for State post-conviction or other collateral review' is pending." *Id.* "This scheme reinforces the importance of *Lundy's* 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" *Id.* quoting *Rose v. Lundy*, 455 U.S. at 520. Thus, stay and abeyance, if employed too frequently, has the potential to undermine the "twin purposes" of both the exhaustion doctrine and the one-year limitation period. *Id.*

---

the highest state court is the Louisiana Supreme Court.

As noted above, it is unclear as to whether petitioner seeks review of claims raised on direct appeal. To the extent that petitioner seeks to raise claims raised on direct appeal, i.e. the admissibility of the "911 tape" and sufficiency of the evidence, petitioner has not provided a copy of his writ application to the Louisiana Supreme Court. Thus, it is impossible to determine whether or not those claims are fully exhausted.[4] However, petitioner unquestionably seeks review of claims which are currently pending in the 16th Judicial District Court on application for post-conviction relief; those claims are clearly not fully exhausted.

Under the total exhaustion doctrine, this court is authorized to dismiss this action without prejudice pending exhaustion of the claims currently pending in state court. See *Resendez v. McKaskle*, 722 F.2d 227 (5th Cir. 1984); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554, 115 L. Ed.2d 640 (1991) ("This Court has long held that a state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *Sterling v. Scott,* 57 F.3d 451, 454 (5th Cir.1995) (concluding that the district court was required to dismiss an unexhausted application).

Petitioner, however, has requested that this action be stayed and held in abeyance pending complete exhaustion. In the context of "mixed" petitions, the Supreme Court has

---

[4] This writ application appears to have been untimely filed. See fn. 2, *supra*.

recently addressed a district court's authority to grant stays pending in habeas cases pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. --, 125 S.Ct. 1528 (2005). In *Rhines*, the Court held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts...", district courts may stay and hold in abeyance "mixed" petitions only in limited circumstances. *Rhines*, 125 S.Ct. at 1535. See also *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). To be eligible for this remedy, there must be good cause for the petitioner's failure to exhaust his claims in state court prior to proceeding in federal court, the unexhausted claims must be potentially meritorious, and the petitioner must not have engaged in intentionally dilatory litigation tactics. *Rhines,* 125 S.Ct. at 1535.

To the extent that petitioner's pleadings may be construed as a "mixed" petition, there is no good cause for petitioner's failure to exhaust his state court remedies before bringing his claims to this federal court. Thus, the grant of a stay holding this case in abeyance is not appropriate. The state trial court is currently in the process of reviewing petitioner's claims asserted in post-conviction proceedings. Should petitioner receive an adverse ruling from the state trial court, nothing should prevent him from seeking relief in the Louisiana First Circuit Court of Appeal and thereafter, in the Louisiana Supreme Court. Thus, there is an available procedure for review of petitioner's constitutional claims in the Louisiana state courts and nothing in this record suggests that those procedures are ineffective to protect petitioner's rights. Petitioner has merely failed to

await the results in the state court proceeding before seeking relief in this court.

To the extent that petitioner is concerned that the federal one-year statute of limitation may bar future review of his claims, that concern is unfounded. At most only a few months of the federal one-year limitation period ran between the date petitioner's conviction became final at the conclusion of direct appeal (either January 31, 2004 or October 2, 2004, depending on whether petitioner's writ application to the Louisiana Supreme Court was timely filed) and the date on which his presently pending post-conviction application was filed (November 10, 2004). See 28 U.S.C. §2244(d)(1)(A). The federal limitation period has been statutorily tolled since the filing of the pending state post-conviction application, and will continue to be tolled until review through the Louisiana Supreme Court is completed, a process that may take well over one year. See 28 U.S.C. §2244(d)(2). Petitioner will therefore have ample time within which to file for federal *habeas* relief after the conclusion of the state court's review of his claims.

Additionally, the record before this court, which at present is undeveloped due to the prematurity of petitioner's filings given the uncompleted status state court proceedings, does not suggest that petitioner's claims are meritorious.

For these reasons, under the circumstances presented herein, staying this action would clearly undermine the twin purposes of the total exhaustion requirement and the one-year limitation period. Petitioner's interest in obtaining review of his claim at this time is outweighed by the competing interests in finality and speedy resolution of federal

petitions. See *Rhines*, 125 S.Ct. at 1535. Therefore, this court would abuse its limited discretion if a stay were to be granted. See *Neville*, 423 F.3d at 479-480 (affirming the district court's denial of a stay where no good cause, nor potentially meritorious claims were presented); *Hager v. Cain*, 2005 WL 3549523 (E.D.La. 2005) (dismissing rather than staying mixed petition where the record disclosed no good cause for the petitioner's failure to exhaust claims); *Hilyard v. Erwin*, 2005 WL 2211264 (S.D. Ohio 2005) (dismissing rather than staying petition filed before the state appellate court ruled on petitioner's claims).

The *Rhines* Court indicated that if a district court determines that stay and abeyance is inappropriate, as has been determined in this case, the district court should allow the petitioner an opportunity to delete the unexhausted claims and to proceed with exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Rhines,* 125 S.Ct. at 1535. For the reasons set forth above, dismissal of this action without prejudice would not unreasonably impair the petitioner's right to obtain federal relief. Petitioner will have ample opportunity at the conclusion of his state court post-conviction review to seek federal review of all of his claims, whether asserted on direct appeal or in the pending post-conviction proceedings. Accordingly, the court need not allow petitioner the opportunity to delete his unexhausted claims. Moreover, under the circumstances presented herein, allowing such an option would merely lead to piecemeal litigation, one of the very concerns the exhaustion requirement was designed to avoid. See *Rhines*, 125 S.Ct. at 1534-1535 quoting *Duncan*, 533 U.S. at 180.

Petitioner is hereby advised that the federal habeas corpus statute which imposes a one-year statute of limitations for filing habeas corpus petitions in federal court will be applicable to any subsequent petition that petitioner files in this court. As set forth above, it appears that several months of that limitation period have run. Accordingly, upon receiving notice of any adverse judgment rendered by the Louisiana Supreme Court in post-conviction proceedings, petitioner should immediately file for federal *habeas corpus* relief.

Based on the foregoing reasons, **IT IS RECOMMENDED** that this consolidated action should be **DISMISSED WITHOUT PREJUDICE.**

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 12 day of January, 2006, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
Unites States Magistrate Judge

COPY SENT:
DATE: 1-13-06
BY: ghr
TO: TLM
CMH